### UNITED STATES v. UTAH LIGHT & RY. CO.

(District Court, D. Utah. June 29, 1914.)

No. 3186 (397).

1. WATERS AND WATER COURSES ⬤⟲18—RIGHT OF WAY FOR DITCHES—TIME OF VESTING OF RIGHTS.

Under Rev. St. § 2339 (Comp. St. 1916, § 4647), providing that whenever, by priority of possession, rights to the use of water have vested and accrued, and are recognized and acknowledged by local customs, laws, and decisions, the possessors and owners of such rights shall be maintained and protected therein, and that the right of way for the construction of ditches and canals is acknowledged and confirmed, the right to an easement over public land for a ditch or canal only vests on completion of the work, and while, as between rival claimants, the title on completion relates back to the commencement of the work, or notice of appropriation, provided the work is prosecuted with due diligence, this rule does not

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

apply as against the United States, and as to it, prior to the final completion, the appropriator is acting under a revocable license, which may be withdrawn, even though he has expended a large sum of money in the expectation of finally obtaining title.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 10.]

2. WATERS AND WATER COURSES ☞4—RIGHTS IN PUBLIC LANDS—RIGHTS OF WAY.

Rev. St. § 2339 (Comp. St. 1916, § 4647), giving a right of way over public land for ditches or canals to possessors of water rights, was superseded with respect to such right of way for electric power purposes by Act May 14, 1896, c. 179, 29 Stat. 120 (Comp. St. 1916, § 4944), authorizing the Secretary of the Interior, under general regulations to be fixed by him, to permit the use of rights of way to the extent of 25 feet upon public lands by any citizen or association for the purposes of generating, manufacturing, or distributing electric power. *Held*, that one who had appropriated water prior to May 14, 1896, but did not complete its reservoir and canals until after that date, had no easement, as the act could be properly construed prospectively as providing in effect that no title to an easement should thereafter vest.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 1.]

3. WATERS AND WATER COURSES ☞4—RIGHTS IN PUBLIC LANDS—RIGHTS OF WAY.

That the Secretary of the Interior did not promulgate regulations under Act May 14, 1896, until the diversion of water was completed, did not entitle such party to an easement, as the subsequent acts of the Secretary of the Interior could cast no light on the intent of Congress in enacting the statute.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 1.]

In Equity. Suit by the United States against the Utah Light & Railway Company. Decree for the United States.

See, also, 144 C. C. A. 485, 230 Fed. 343.

Wm. W. Ray, U. S. Atty., of Salt Lake City, Utah, and J. F. Lawson, of Ogden, Utah, for the United States.

P. L. Williams, of Salt Lake City, Utah, and H. B. Thompson, of Pocatello, Idaho, for defendant.

MARSHALL, District Judge. This is a companion case to U. S. v. Utah Power & Light Co., the decision of which by the Circuit Court of Appeals is reported in 209 Fed. 554, 126 C. C. A. 376. The defendant claims here, as was contended in that case, that its right to its reservoir and canals vested under section 2339 of the Revised Statutes of the United States (Comp. St. 1916, § 4647), and that subsequent legislation does not affect it.

[1] In the case cited it was determined that Act May 14, 1896 (29 Stat. 120, c. 179 [Comp. St. 1916, § 4944]), superseded section 2339 with respect to such rights over public lands for electric power purposes, the beneficial use to which the defendant devotes its water appropriation; that after the passage of that act no right of way could be obtained, except pursuant to a permit from the Secretary of the Interior. It is admitted that the defendant has not obtained such a permit; and

the question to be determined, therefore, is whether the defendant's right had vested prior to May 14, 1896. These rights were initiated by two notices of appropriation, the one on May 13, 1893, and the other on June 5, 1894; but the reservoir and canals were not completed and water was not in fact diverted until after May 14, 1896. There is a concurrence of authority that the right to an easement for a ditch or canal over the public land, claimed under section 2339, only vests on the completion of the work, but that, when so completed, as between rival claimants, the title will relate back to the commencement of the work, or notice of appropriation, provided that the work was prosecuted with due diligence. This rule of relation, however, has no application against the United States. As to it, prior to the final completion, the appropriator is acting under a revocable license, and cannot complain if the license be withdrawn, even if, as in the instant case, he has expended a large sum of money in expectation of finally obtaining title. U. S. v. Rickey Land & Cattle Co. (C. C.) 164 Fed. 496. It would seem that, when the decision of the Circuit Court of Appeals is applied to this case, a decree for the plaintiff must follow.

[2] It may, with force, be argued that a statute must be construed as intended to operate prospectively, and not retrospectively, if such construction does not clearly violate its language, and that the statute of May 14, 1896, should be held to apply only to future permits, and that those who have already commenced work pursuant to the implied license of section 2339 are unaffected by it. With some doubt I am unable to reach this conclusion. Assuming an intention to repeal section 2339, so far as appropriations of water for electric power purposes are concerned, there seems to be no injustice in substituting for an undefined implied license a defined express license, and the act can be properly construed prospectively as providing in effect that no title to an easement should thereafter vest. The object of the act, as determined by the Court of Appeals, was to substitute the permit system for the vested easement system. If an exception of inchoate rights had been intended, it would doubtless have been expressed.

[3] It is suggsted that as the Secretary of the Interior did not promulgate regulations under Act May 14, 1896, until after the diversion of the water was completed, that the defendant's rights are saved. I do not think so. The question is: What was the intent of Congress in enacting the statute of May 14, 1896? The subsequent acts of the Secretary of the Interior can cast no light on this intent. If the intent was to terminate the system of vested easements over the public lands for canals for power purposes, and to authorize the Secretary of the Interior to issue revocable permits thereafter, then no delay by the Secretary in issuing a permit can confer vested rights.

The injunction sought by the plaintiff will issue with respect to that part of the defendant's works which are situated on the lands of the United States.